UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | **Filed / Docketed** |
| | ) | **February 14, 2008** |
| HALE-HALSELL COMPANY, | ) | Case No. 04-11677-M |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| HALE-HALSELL COMPANY AND | ) | |
| OFFICIAL UNSECURED CREDITORS | ) | |
| COMMITTEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-01256-R |
| | ) | |
| CITIZENS UNION STATE BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DETERMINING BANKRUPTCY COURT JURISDICTION
PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 84.1(b)(4)
AND 28 U.S.C. § 157(b)(3) IN CONNECTION WITH THE
WALLACE DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**

Before the Court is the Motion to Withdraw the Reference and Brief in Support Thereof (Adv. Doc. 236) ("Motion") filed on February 6, 2008, by a group of retired employees of the Debtor, Hale-Halsell Company, who were named insureds on certain life insurance policies, and their designated beneficiaries, and who are collectively referred to as the "Wallace Defendants" herein.[1]

---

[1] The names of the thirty-five retired employee insureds and seventy-four designated beneficiaries are set forth in the Amended Answer, Counter Claims and Cross Complaints filed by the Wallace Defendants on August 19, 2005 (Adv. Doc. 170).

Local Civil Rule 84.1(b)(4) provides that within a reasonable period after a motion for withdrawal of the reference of an adversary proceeding and responses thereto have been filed, the bankruptcy court "shall enter an order pursuant to 28 U.S.C. § 157(b)(3), determining whether the proceeding is a core proceeding or a proceeding that is otherwise related to a case under Title 11 and forward the order to the district court together with a copy of the record of the proceeding for which withdrawal is sought." LCvR84.1(b)(4).

Upon consideration of the pleadings and applicable law, the Court determines as follows:

This adversary proceeding was commenced on December 15, 2004, by the Debtor, Hale-Halsell Company ("Hale"), and the Official Unsecured Creditors Committee (the "Committee") (collectively, the "Plaintiffs")[2] to obtain a declaration as to the rights of various individuals and entities in certain life insurance policies purchased and owned by Hale, and in the proceeds of such policies. The Plaintiffs named all potential claimants, including Citizens Union State Bank (the "Bank") to whom certain policies were pledged by virtue of collateral assignments; retired employees of Hale who were named insureds and

---

[2]Pursuant to the Fourth Amended Plan of Liquidation Proposed by the Official Unsecured Creditors Committee of Hale-Halsell Company (Bankruptcy Case Doc. 1893) ("Fourth Amended Plan"), as modified by Plan Proponent's First Modifications to Fourth Amended Plan of Liquidation (Bankruptcy Case Doc. 1952), and further modified in the confirmation order entered on March 5, 2007 (Bankruptcy Case Doc. 1982), the Hale-Halsell Company Creditors Trust (the "Trust") became successor-in-interest to all claims asserted by Hale against third parties, including claims asserted in this adversary proceeding. Fourth Amended Plan, ¶ 7.2(B). In addition, upon confirmation, the Committee was dissolved and its members discharged. Id., ¶ 8.10.

their designated beneficiaries (the Wallace Defendants); former active employees who were named insureds and their designated beneficiaries (the "Reeves Defendants"); and individuals who were named insureds on certain key man life insurance policies for which Hale was the designated beneficiary, including Robert D. Hawk, Sr., who is now deceased ("Hawk"), and other former officers and directors of Hale.

With respect to the Wallace Defendants, it was undisputed that prior to filing bankruptcy, Hale, through its president Hawk, executed collateral assignments of policies on the lives of the retired employees to the Bank as collateral for a loan or loans, and when Hale defaulted, the Bank surrendered the policies to the insurer in exchange for their cash value and applied the proceeds of the surrendered policies to Hale's debt. In attempting to recover the cash value of the surrendered policies from the Bank for the benefit of Hale's bankruptcy estate, the Plaintiffs contended that, pursuant to a so-called "Split Dollar Agreement" that Hale purportedly entered into with its employees, Hale and Hawk lacked the authority to assign the policies to the Bank without the consent of the insureds, and therefore the assignments were not valid. Complaint (Adv. Doc. 1), ¶¶ 53-62. The Plaintiffs also sought to recover the cash value proceeds from the Bank under fraudulent transfer theories. In the event the bankruptcy estate recovered the proceeds from the Bank, the Plaintiffs contended that the Wallace Defendants' rights in the proceeds were subordinate to the estate's right to first recover the premiums Hale had paid to purchase and maintain the policies. Id., ¶¶ 86-87 (concerning the rights of the insureds); 91-92 (concerning the rights of the beneficiaries).

On August 4, 2005, this Court dismissed all the Plaintiffs' claims against the Bank, concluding that the Split Dollar Agreement expressly authorized Hale to pledge the policies to the Bank without the consent of the insureds, and that the Bank's application of the proceeds to Hale's debts did not constitute fraudulent transfers. Order Granting Citizens Union's Motion to Dismiss Counts I Through VI of Plaintiff's [sic] Complaint (Adv. Doc. 166).

On August 19, 2005, the Wallace Defendants filed their Amended Answer, Counter Claims and Cross Complaints (Adv. Doc. 170), in which they contended that neither Hale nor the Bank had any interest in the policies on their lives, and asserted counterclaims seeking payment of the value of the surrendered life insurance policies to the Wallace Defendants. The Wallace Defendants also asserted claims against Hale and Hawk under the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), alleging that the insurance policies were a component of an established employee welfare benefit plan, and that the assignment of the policies to the Bank constituted a breach of fiduciary duty. On April 19, 2006, Hawk filed his Amended Answer to Defendants, Wallace, et al.'s Amended Answer, Counter Claims and Cross Complaints (Adv. Doc. 215).

Thereafter, Hale and the Committee negotiated and obtained confirmation of the Fourth Amended Plan in the Hale's bankruptcy case, which resolved or led to the resolution of all claims between all parties in this adversary proceeding except for the Wallace Defendants' cross-claim against Hawk for breach of fiduciary duty under ERISA. See Report of the Hale-Halsell Creditors Trust Concerning Status of its Case (Adv. Doc. 224);

Status Report of the Wallace Defendants Concerning the Status of their Case (Adv. Doc. 226); Stipulated Voluntary Dismissal of Claims (excepts from dismissal the Wallace Defendants' breach of fiduciary duty claim against Hawk) (Adv. Doc. 228); Stipulated Voluntary Dismissal of Claims (Between the Hale-Halsell Company Creditors Trust and Robert D. Hawk, Jr.) (Adv. Doc. 229); Notice of Dismissal of Claims (against officers and directors) (Adv. Doc. 230); Disclaimer of Interest (by Michael Owens) (Adv. Doc. 231); and Joint Notice of Dismissal (of claim against Estate of Leslie Martin) (Adv. Doc. 233). The sole unadjudicated claim involves a dispute between two non-debtors, the Wallace Defendants and Hawk, that will have minimal, if any, impact on the Hale bankruptcy proceeding or the estate being administered by the Trust.

"Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990) (citations omitted). The Wallace Defendants' breach of fiduciary duty claim against Hawk does not constitute a "core" proceeding because it does not arise under the Bankruptcy Code, nor is it a claim that could only arise in a bankruptcy case.

Non-core "related" proceedings "are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court." Id. (citation omitted). "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate

being administered in bankruptcy." Id., *quoting* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).  If the Wallace Defendants prevail against Hawk, it is conceivable that Hawk could seek indemnification of defense costs and any judgment by the estate, but counsel for the Trust has advised the Court that in such a case, the Trust would seek indemnification from the Wallace Defendants based upon the terms under which the Wallace Defendants settled their claims against the estate.  At best, the Wallace Defendants' claim against Hawk constitutes a non-core claim that may be "related to" the Hale bankruptcy case.

Accordingly, in compliance with Local Rule 84.1(b)(4), the Court determines that because the remaining claim in this adversary proceeding does not arise under any section of the Bankruptcy Code and is a claim that could have been brought in the District Court if Hale had not filed bankruptcy, this is not a core proceeding over which this Court may exercise jurisdiction to enter a final order.  See 28 U.S.C. § 157(c)(1).

The Clerk of the Bankruptcy Court shall transmit to the Clerk of the United States District Court for the Northern District of Oklahoma a copy of this order, together with docket sheets and copies of the all pleadings referred to in this order, and file a certificate of such transmission in this proceeding.

**SO ORDERED** this 14th day of February, 2008.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT